IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN L. REAGAN, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:08-CV-354-M |
| v. | § § | |
| TOLLESON PRIVATE BANK, and NPOT PARTNERS I, L.P., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

A federal court is a court of limited jurisdiction, and when it does not have subject matter jurisdiction, it must dismiss. *Herndon v. Monumental Life Ins. Co.*, No. 3:02-CV-1747-L, 2005 U.S. Dist. LEXIS 24602, at *3 (N.D. Tex. Oct. 24, 2005) (Lindsay, J.). In recognition of that limited jurisdiction, the Court *sua sponte* dismisses this case for lack of jurisdiction.

Plaintiff Darren L. Reagan asserts federal jurisdiction against Defendant Tolleson Private Bank ("Tolleson"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), and pendent jurisdiction over his claims against NPOT and Tolleson for wrongful foreclosure and violations of the Texas Debt Collection Act.

Plaintiff executed a promissory note and deed of trust on real estate, securing a promissory note to Tolleson. Tolleson sued Plaintiff in state court on the note and obtained a final judgment in its favor on September 10, 2007. An appeal of that judgment was dismissed on February 20, 2008. Pursuant to the judgment, a trustee's sale occurred on October 2, 2007, and Tolleson bought the property. By Warranty Deed dated December 20, 2007, Tolleson conveyed the property to Defendant NPOT Partners,

I, L.P. ("NPOT"). Plaintiff asserts that the Substitute Trustee's Deed to Defendant Tolleson and Tolleson's Warranty Deed to NPOT should be declared void as a result of Tolleson's wrongful foreclosure and violations of state law.

Plaintiff does not assert diversity jurisdiction and asserts federal jurisdiction only under the FDCPA. Plaintiff asserts that "Defendant Tolleson is a 'debt collector' as defined by 15 U.S.C. § 1692a(6)." The FDCPA excludes from its coverage creditors who, while using their own names, attempt direct collection of debts owed to them. 15 U.S.C. § 1692a(6)(a) & (b); *see KPMG Peat Marwick v. Texas Commerce Bank*, 976 F. Supp. 623, 632 (S.D. Tex. 1997); *Bacon v. Southwest Airlines Co.*, No. 3:97-CV-2211-L, 1999 U.S. Dist. LEXIS 2907, at *9-10 (N.D. Tex. Mar. 5, 1999) (Lindsay, J.). Tolleson sought to collect debts owed to it by virtue of the promissory note and deed of trust, as reflected in the state court final judgment. Because Tolleson is a creditor using its own name to attempt direct collection of debts owed to it, and because it did so pursuant to a final state court judgment, there is no federal jurisdiction over this case.

In the alternative, and to the extent Plaintiff attempts to challenge the final state court judgment, his claims are barred by the *Rooker-Feldman* doctrine. A federal district court lacks subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923). As the Fifth Circuit has noted, "[i]f the district court is confronted with issues that are

'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision.'" *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citing *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)). All of Plaintiff's claims are collateral attacks on the validity of the state court judgment. Because Plaintiff's claims are 'inextricably intertwined' with the disposition of the state court action, federal jurisdiction is not proper.

The Court finds *sua sponte* that it does not have subject matter jurisdiction. Plaintiff's claims are therefore **DISMISSED**.

**SO ORDERED**.

July 28, 2008.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**